IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MOHAMMED A. AZIZ, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CIV-17-748-D |
| JOE ALLBAUGH, | ) ) ) | |
| Respondent. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 15] issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Goodwin recommends denial of the "Amended Petition," which is a combined pleading consisting of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] originally filed in the Northern District of Oklahoma, and the Motion to Supplement Petition [Doc. No. 9] filed in this district. *See* 8/15/17 Order [Doc. No. 10].

Petitioner Mohammed A. Aziz, a state prisoner appearing *pro se*, has filed a timely written objection [Doc. No. 16]. Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).

This habeas corpus action under 28 U.S.C. § 2241 challenges a calculation of the time remaining to be served on Petitioner's prison sentence imposed by the District Court of Tulsa County, Oklahoma, on January 22, 2013. According to the written judgment, the sentencing court ordered a 35-year term of imprisonment (32½ years in custody and 2 ½ years suspended), and directed that Petitioner was "to receive credit for time served from 1/30/12," which was the date he entered a plea of guilty to a charge of solicitation for first-degree murder. *See State v. Aziz*, Case No. CF-2009-2738, J. & Sentence (D. Ct. Tulsa Cty., Okla. Feb. 5, 2013). However, Petitioner was arrested and detained on May 12, 2010, and he remained in the Tulsa County jail from that date until he pleaded guilty. Petitioner challenges in this case a denial of jail-time credit from the date of his arrest until the date of his guilty plea. In the Amended Complaint, Petitioner frames the issues as an unconstitutional *ex post facto* application of a Department of Corrections (DOC) policy issued in 2014 and a due process violation. *See* Pet. [Doc. No. 1] at 7, 8; Suppl. [Doc. No. 9] at 3-7.

Although Petitioner objects to almost every page of the R&R, the relevant facts are set forth in the Petition and attached documents.[1] Petitioner was confined in various county jails for almost three years. He was held in the Tulsa County jail between his 2010 arrest and his 2012 guilty plea; between his guilty plea and his 2013 sentencing, he was

---

[1] In the first five pages of the Objection, Petitioner essentially says "I object" to most of the R&R. This type of objection identifies no specific error by the magistrate judge, and fails to preserve an issue for further review. *See United States v. 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, the remainder of the Objection sets forth Petitioner's arguments in opposition to Judge Goodwin's findings and conclusions, and raises several issues for *de novo* determination, as discussed *infra*.

held in the Okmulgee County and Creek County jails; after sentencing, he was held in the Creek County jail until the end of February 2013; and he was then returned to the Tulsa County jail for one week before he was transferred to the DOC's Lexington Assessment and Reception Center (LARC) on March 5, 2013. A sentence administrator converted Petitioner's prison sentence to a term of days, and calculated 1029 days of jail-time credit based on certifications from the county jails in which Petitioner had been detained between his arrest and his reception at LARC. Petitioner was assigned to the Lawton Correctional Facility (LCF) in April 2013. A DOC auditor then determined that a miscalculation had occurred when Petitioner's sentence was converted to a term of days, and Petitioner was advised in a memorandum dated April 23, 2013, that three days had been added to his sentence. This calculation also included 1029 days of jail-time credit.

In 2015, Petitioner requested an audit of the number of days remaining because he questioned whether he had received credit for all of his Creek County jail time. An LCF employee conducted the audit and awarded Petitioner an additional 30-day credit for a program completion. However, this audit also determined that 1029 days of jail-time credit was incorrect because it was inconsistent with Petitioner's Judgment and Sentence; it was based on his arrest date in May 2010 instead of his guilty-plea date in January 2012. Petitioner was notified of the adjustment by a memorandum dated March 9, 2015, and informed that he would need to obtain an amended judgment to receive the additional 628 days of jail-time credit from the date of his arrest. The memorandum cited DOC's policy OP-060211 regarding sentence administration and calculation of credit for jail time.

During 2015 and 2016, Petitioner made unsuccessful attempts to obtain relief from the Tulsa County district court. In April 2017, Petitioner sought relief from LCF officials, who again informed him that an amended judgment would be needed to receive the additional 628 days of jail-time credit. A memorandum from the LCF auditor dated April 26, 2017, informed Petitioner of a DOC policy change to OP-060211 effective November 5, 2014, regarding the calculation of jail-time credit, and advised him of what language the amended judgment should contain in order for him to receive full credit for 1029 days of jail time. Petitioner filed this action in July 2017. Based on the auditor's statements regarding the 2014 policy change, Petitioner claims he was disadvantaged by the *ex post facto* application to his sentence of the DOC's new method of calculating jail-time credit.

Judge Goodwin finds no merit in an *ex post facto* claim based on the allegations of the Amended Petition and the undisputed facts shown by the record.[2] Specifically, Judge Goodwin finds any change in DOC policy was immaterial under Oklahoma law, reasoning as follows:

> [T]he calculation of jail-time credit based on a start date of January 30, 2012 – rather than May 12, 2010 – was mandated by the district court's written

---

[2] In addition to opposing Petitioner's *ex post facto* claim on the merits, Respondent raises a timeliness defense, arguing that a habeas action filed in 2017 is untimely under 28 U.S.C. § 2244(d)(1) because it was filed more than one year after Petitioner knew the factual predicate of his claim. Judge Goodwin finds Respondent's arguments regarding this defense are not sufficiently developed, and recommends the denial of Respondent's request to dismiss the Petition as time barred. Because Respondent did not file a timely objection to the R&R, he has waived further review of this issue. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also 2121 E. 30th St.*, 73 F.3d at 1060. In his Objection, Petitioner challenges Judge Goodwin's recommendation that the denial be without prejudice to the later assertion of a time-bar defense. *See* Obj. at 11. In light of the merits ruling, *infra*, the Court need not reach this issue.

4

Judgment and Sentence and was prompted by prison officials' examination of the district court's pronouncement in the Judgment and Sentence. At all times relevant to Petitioner's claim, the Oklahoma Court of Criminal Appeals interpreted Oklahoma law as placing the decision whether to award presentence jail credits within the discretion of the sentencing court. *See Holloway v. State*, 182 P.3d 845, 847 (Okla. Crim. App. 2008) ("[I]t is a matter of well settled law that the sentencing judge in Oklahoma has discretion in deciding whether to allow a defendant credit for time served in jail before sentencing." . . . ).

R&R at 9 (record citation omitted). Judge Goodwin further explains:

> The prison officials' initial calculation of jail-time credits was contrary to the state district court's discretionary decision, authorized under Oklahoma law, to allow jail-time credits only for the period after which Petitioner had entered his guilty plea. The fact that DOC officials initially overlooked the terms of the Judgment and Sentence and/or misapplied the relevant authority does not render their subsequent "correct interpretation" an ex post facto violation. *Stephens v. Thomas*, 19 F.3d 298, 501 (10th Cir. 1994). The prison officials' arithmetic correction did not "increase the punishment" beyond that which had been ordered by the state court. [*Cal. Dep't of Corr. v.*] *Morales*, 514 U.S. [499] at 504 [(1995)].

R&R at 10 (record citation omitted).

Liberally construing Petitioner's Objection, he asserts as a preliminary matter that Judge Goodwin erred by treating the Motion to Supplement Petition [Doc. No. 9] as a motion to amend and re-characterizing the original Petition combined with the Motion as the Amended Petition. Petitioner articulates no sound reason why this procedural ruling exceeded Judge Goodwin's authority under 28 U.S.C. § 636 to manage the proceeding before him. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988). ("Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review.") (quoting 28 U.S.C. § 636(b)(1)(A)). Petitioner's cited legal authority for

5

opposing the recharacterization of his pleading, *Castro v. United States*, 540 U.S. 375, 383 (2003), is inapposite, and his reliance on it is misplaced. Thus, the Court overrules this part of Petitioner's Objection.

### 1. Ex Post Facto Claim

The crux of Petitioner's Amended Petition and the focus of his Objection is that a change in DOC's sentence administration policy between 2012 to 2014 caused the LCF auditor to remove 628 days of jail-time credit in 2015 that had been properly counted when Petitioner first arrived at LARC in 2013. Under Judge Goodwin's analysis, the language of DOC's policy or any change in the policy does not matter; Oklahoma decisional law mandated the calculation performed in 2015 and confirmed in 2017, and the deduction of 628 days merely corrected an error DOC had made when it calculated Petitioner's time to serve without taking into account the sentencing judge's instructions in the judgment. Petitioner disagrees with this assessment, arguing in his Objection that the initial DOC calculation followed the language of the 2012 policy (which was consistent with the governing statute, discussed *infra*) and that the later recalculation was the result of an *ex post facto* application of the 2014 policy.

Upon *de novo* consideration of this issue, the Court finds that Petitioner is mistaken. Petitioner relies on portions of the 2012 DOC policy stating: "Statutorily, 57 O.S. Section 138 provides that all offenders sentenced to the Oklahoma Department of Corrections to a term of incarceration are entitled to a deduction from the length of confinement equal to the number of days spent in the county jail . . . ;" and "Upon receipt

of proper documentation of service, all offenders will be granted jail time credits through the date of transfer to the assessment and reception center." *See* Obj. at 9 (quoting OP-060211 effective 11/01/2012, § II.A); Answer, Ex. 5 [Doc. No. 13-5] at 2. Petitioner argues that these provisions required DOC to give him credit for all 1029 days that he spent in county jails before sentencing, while these provisions are missing from the 2014 policy. The amended policy expressly required DOC to follow any order of the sentencing judge contained in the Judgment and Sentence regarding credit for jail time or time served. *See* Obj. at 10 (citing OP-060211 effective 11/5/2014); Pet. [Doc. No. 1] at 44 (ECF page numbering). According to Petitioner, this is "the retroactive 'change' that deprived him of 628 days of jail time." *See* Obj. at 10.

Petitioner fails to acknowledge, however, that between the quoted provisions of the 2012 policy is a sentence that expressly provides: "A judge may specifically order that an offender not receive jail time credits up to the date of sentencing." *Id*. at 9 (quoting OP-060211 effective 11/01/2012, § II.A); Answer, Ex. 5 [Doc. No. 13-5] at 2. While the amended policy may have been more explicit in its requirement that DOC look to the judgment for the sentencing judge's instructions regarding jail-time credit (perhaps to prevent similar errors), this provision of the 2012 policy plainly contemplated that a specific order of the sentencing judge would prevail over the general rule. Further, regardless of any administrative policy or rule, DOC had a legal duty to execute Petitioner's prison sentence in accordance with the judgment entered by the court. *See* Okla. Stat. tit. 22, §§ 978-979.

For these reasons, the Court agrees with Judge Goodwin. The adjustment of Petitioner's DOC record in 2015 to remove 628 jail-time credits was necessary to conform to the sentencing judge's order regarding credit for time served before sentencing. DOC merely corrected an erroneous calculation that had been made when Petitioner first arrived at LARC. Petitioner was not legally disadvantaged by the retroactive application of a new DOC policy. Therefore, Petitioner's *ex post facto* claim lacks merit.

2. **Due Process Claim**

Judge Goodwin finds that Petitioner has not shown "the correction to his sentence violated his federal due process rights." *See* R&R at 10 n.4. Addressing an allegation that Petitioner was deprived of credit for presentencing jail time that he was statutorily entitled to receive (*see* Pet. [Doc. No. 1] at 8; Br. [Doc. No. 14] at 9), Judge Goodwin reasons that Petitioner had no liberty interest in the 628 days of jail-time credit deducted by the LCF auditor because they were not actually awarded by the state court or properly applied under Oklahoma law. "Stated differently, Petitioner had no right to the credits in the first place as a matter of law, given the district court's specific direction that he was entitled to credits only from the date of entry of his guilty plea and the discretion awarded to the courts on this matter under Oklahoma law." R&R at 10-11, n.4 (internal quotation omitted).

Plaintiff maintains that he had a liberty interest in the additional 628 days of jail-time credit created by the mandatory language of Okla. Stat. tit. 57, § 138(G), which provides: "The length of any jail term served by an inmate before being transported to a

8

state correctional institution pursuant to a judgment and sentence of incarceration shall be deducted from the term of imprisonment at the state correctional institution." Petitioner argues that neither the DOC nor the sentencing judge could constitutionally deprive him of these jail-time credits that he was entitled to receive. *See* Obj. at 6, 7-8 (citing *Harper v. Young*, 64 F.3d 563, 564 (10th Cir. 1995) (state law may create a liberty interest)).[3]

Petitioner's reliance on § 138(G) is misplaced and his argument is contrary to Oklahoma law. The Oklahoma Court of Criminal Appeals has held that a sentencing judge has discretionary authority to decide whether a defendant receives credit for presentence jail time. *See Holloway v. State*, 182 P.3d 845, 847 (Okla. Crim. App. 2008) (recognizing this general rule as well-settled law); *Shepard v. State*, 756 P.2d 597, 602 (Okla. Crim. App. 1988) ("While it is common practice for the trial judge to give credit for time served, there is no authority mandating such credit or making it abuse of discretion to

---

[3] Petitioner also argues, as he did in a supporting brief for his Amended Petition, that the sentencing judge did not include the order regarding jail-time credit when he imposed Petitioner's sentence in open court but, instead, later added it to the written judgment in violation of state law. *See* Reply Br. [Doc. No. 14] at 8-9; Obj. at 6, 8, 13. Petitioner relies on facts that the sentencing occurred on January 23, 2013; the written judgment is dated January 31, 2013; and it was filed February 5, 2013. Petitioner has also provided his own sworn declarations stating he was not informed at the sentencing hearing that he would be denied credit for 628 days of jail time. *See* Aziz Decl. [Doc. No. 14-1] ¶ 3; Aziz Decl. [Doc. No. 16-1] ¶¶ 6-7. Petitioner presented a similar issue to the state court by a motion for an order *nunc pro tunc* filed in May 2016, which was denied by an order stating: "The Judgment and Sentence is correct." *State v. Aziz*, Case No. CF-2009-2738, Order Denying Mot. Nunc Pro Tunc (D. Ct. Tulsa Cty. Okla. May 17, 2016) (copy attached to Pet. [Doc. No. 1] at 33 (ECF page numbering)). Under applicable federal standards, this Court must defer to the state court's finding that the Judgment and Sentence reflects the sentence imposed where, as here, Petitioner has not met his burden to rebut the presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *see also Branham v. Workman*, No. 05-6222, 2006 WL 950656, *3 (10th Cir. April 13, 2006) (applying presumption of correctness in § 2241 proceeding regarding denial of credits).

9

fail to give it.") If a judgment does not address jail-time credit, the defendant may be entitled to a credit by operation of § 138(G). *See Johnson v. Patton*, 580 F. App'x 646, 652-53 (10th Cir. 2014) (unpublished).[4] But where the written judgment provides the sentencing judge's specific instruction regarding such credit, DOC must administer the inmate's sentence in accordance with that instruction. *See Warnick v. Booher*, 144 P.3d 897, 901 (Okla. Crim. App. 2006) (DOC must "ensure a sentence of imprisonment is carried out as ordered by the district court").

The Court concurs in Judge Goodwin's finding that the 2015 adjustment to the calculation of Petitioner's time served was a correction of DOC's initial error and did not implicate a liberty interest. Thus, the Court finds that Petitioner has failed to establish a due process claim.

### 3. Equal Protection Claim

Judge Goodwin notes that the Oklahoma Court of Criminal Appeals held in *Holloway* that a denial of jail-time credits to the indigent defendant in that case violated the Equal Protection Clause, but finds that "Petitioner raises no [equal protection] argument here, and no such violation is reflected in the record." *See* R&R at 9 n.3.

Liberally construing the Objection, Petitioner challenges Judge Goodwin's finding that no equal protection claim is asserted in the Amended Petition, based on supporting documents filed in the DOC administrative process. *See* Obj. at 7, 13. Petitioner argues

---

[4] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

10

that his Amended Petition asserts an equal protection claim that he was treated differently from non-indigent defendants who were able to post bail and be released while awaiting trial. *Id*. at 8. Petitioner relies on *Holloway* and *Hall v. Furlong*, 77 F.3d 361, 364 (10th Cir. 1996), in which the Tenth Circuit held "that the Equal Protection Clause mandates the grant of full credit toward the maximum term of [the defendant's] sentence for the time he spent incarcerated prior to sentencing due to his indigency."[5]

Upon *de novo* consideration, the Court agrees with Judge Goodwin that the claim Petitioner wishes to assert, and the arguments he now makes, appear nowhere in the body of his pleading [Doc. Nos. 1, 9] or his supporting brief [Doc. No. 14]. Further, the Court fully concurs in Judge Goodwin's finding that no equal protection violation appears in the record presented. *Hall* and *Holloway* are based on the principle that "[i]t is impermissible under the Equal Protection Clause, to require that indigents serve sentences greater than the maximum provided by statute solely by reason of their indigency." *Hall*, 77 F.3d at 364; *see Holloway*, 182 P.3d at 847-48 (the issue decided was "whether the denial of credit for time served to a bailable but indigent defendant violates the Equal Protection Clause when that defendant is sentenced to serve the maximum time of imprisonment"). According to the Tenth Circuit:

> A state court's denial of pre-sentence time credits can pose Fourteenth Amendment issues when the imposed state sentence together with the pre-sentence custody exceeds the statutory maximum. But where a state court sentence and pre-sentence custody total less than the maximum sentence, these Fourteenth Amendment issues are not present. The period of

---

[5] The Oklahoma Court of Criminal Appeals in *Holloway*, 182 P.2d at 848, found "the Tenth Circuit's decision in *Hall* . . . particularly persuasive" and adopted it.

11

incarceration less than the statutory maximum is necessarily discretionary with the sentencing judge.

*Johnson v. Oklahoma*, 382 F. App'x 755, 756 (10th Cir. 2010) (unpublished) (citations and internal quotation omitted).

In this case, there is no basis in the record for a finding that Petitioner was detained solely because of indigency. To the contrary, Petitioner affirmatively states in a sworn declaration submitted with his Objection that he "was denied a bond by the court." *See* Aziz Decl. [Doc. No. 16-1], ¶ 3. More importantly, Petitioner's period of confinement does not exceed the life sentence authorized by his statute of conviction, Okla. Stat. tit. 21, § 701.16.[6] Therefore, if the equal protection claim argued in Petitioner's Objection were properly presented, the Court would find that it lacks merit.

In summary, upon *de novo* consideration, the Court fully concurs in Judge Goodwin's findings and conclusions that Petitioner's *ex post facto* claim lacks merit and Petitioner has not shown a due process violation. Further, the Court agrees with Judge Goodwin that Petitioner does not assert an equal protection claim in his Amended Petition, but if further amendment of his pleading were allowed, the Court would find that Petitioner's proposed equal protection claim also lacks merit.

---

[6] The penalty provision of the statute states: "A person who is convicted, pleads guilty or pleads nolo contendere to the act of Solicitation For Murder in the first degree, except as provided in Section 701.7 of this title, shall be guilty of a felony punishable by imprisonment in a state penal institution for not less than five (5) years nor more than life imprisonment in the State Penitentiary." Okla. Stat. tit. 21, § 701.16.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 15] is ADOPTED. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. Nos. 1, 9] is DENIED. A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. The requirement of § 2253(c)(1) to obtain a COA also applies when a state habeas petitioner is proceeding under § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000). A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 4th day of December 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE